IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 07-cv-02180-PAB-MEH

AMERICAN AUTOMOBILE INSURANCE COMPANY,

    Plaintiff,

v.

DENNIS MARLOW,
JOAN A. ROCKOUSKI,
DUANE SANDERS, and
SHIRLEY A. SANDERS,

    Defendants.
_____

**ORDER GRANTING SUMMARY JUDGMENT**
_____

This matter is before the Court on the following motions: plaintiff American Automobile Insurance Company's ("AAIC") Motion for Partial Summary Judgment [Docket No. 25], filed on September 18, 2008; defendant Joan A. Rockouski, Duane Sanders, and Shirley A. Sanders' (collectively, the "arbitration defendants")[1] Motion to Dismiss [Docket No. 36], filed on December 8, 2008; plaintiff's Motion for Default Judgment Against Dennis Marlow [Docket No. 43], filed on January 5, 2009; the arbitration defendants' Motion to Re-open Discovery [Docket No. 55], filed on May 12, 2009; and the arbitration defendants' Motion for Leave to Withdraw Their Motion to

---

[1] On July 6, 2009, the Court dismissed a number of defendants from this action pursuant to a stipulation for dismissal between the parties [Docket No. 65]. Accordingly, the Court considers the motions referenced in this Order as to the remaining defendants. As to plaintiff's motion for partial summary judgment, the Court's July 6, 2009 Order effectively converts the motion from one for partial summary judgment to one for summary judgment on all pending claims, since the motion pertains to all of the claims of the remaining defendants.

Dismiss and to Amend and Supplement Their Response to Plaintiff's Motion for Partial Summary Judgment [Docket No. 61], filed on June 12, 2009.  Each of these motions is briefed and ripe for disposition.  For the reasons discussed below, the Court grants plaintiff's motion for summary judgment and denies the arbitration defendants' pending motions.

**I. BACKGROUND**

Plaintiff AAIC commenced this action on October 16, 2007, seeking a declaration that it is not obligated pursuant to an errors and omissions insurance policy to cover certain liabilities of defendant Dennis Marlow owed to the arbitration defendants, as well as to the other originally-named defendants.  For purposes of the Court's consideration of plaintiff's summary judgment motion, AAIC set forth the relevant facts in a section of its brief entitled "Statement of Undisputed Facts."  The arbitration defendants obtained two extensions of time to respond to the motion, allowing them until December 8, 2008 to file a response brief. Rather than filing a brief admitting[2] and denying AAIC's statement of undisputed facts and offering legal argument to counter the arguments raised by AAIC, the arbitration defendants chose to file a two-page response stating that the motion for summary judgment should be denied for the reasons stated in a contemporaneously filed motion to dismiss (which was filed after the dispositive motions deadline in this case).  The arbitration defendants similarly did not respond to AAIC's statement of undisputed facts in their motion to dismiss, but did assert that "[n]one of

---

[2] The arbitration defendants' response brief does contain one statement making the following factual admission: "Marlow is an insured under the AAIC Policy referred to in plaintiff's motion and complaint."  Arbitration defendant's Resp. to Pl.'s Mot. for Partial Summ. J. [Docket No. 35] at 1.

the Arbitration Defendants has ever made a claim against plaintiff." Arbitration Defendants' Mot. to Dismiss [Docket No. 36] at 2. Nor did the arbitration defendants respond to AAIC's statement of undisputed facts in their more recently filed "Amended and Supplemented Response to Plaintiff's Motion for Partial Summary Judgment," which is attached as an exhibit to their motion for leave to withdraw the motion to dismiss and to amend and supplement their summary judgment response [Docket No. 61].

Each of the papers submitted by the arbitration defendants containing arguments in response to AAIC's motion for summary judgment violates Fed. R. Civ. P. 56(e)(2), D.C.COLO.LCivR 56.1, and the Practice Standards (Civil cases) of this Court by failing to address the facts contained in AAIC's statement of undisputed facts. Rule 56(e)(2) states that once a motion for summary judgment is made (and supported with factual citations),

> an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2). The Practice Standards of this Court applicable to civil cases, which became effective in November 2008 (before the arbitration defendants filed their original response brief), state that a party opposing a motion for summary judgment

> shall, in a section of the brief required by rule 56.1A of the United States District Court for the District of Colorado Local Rules of Practice (Civil) styled "Response to Statement of Undisputed Material Facts," admit or deny the asserted material facts set forth by the movant. . . . Any denial shall be accompanied by a *brief* factual explanation of the reason(s) for the denial and a **specific reference** to material in the record supporting the denial.

3

Practice Standards (Civil cases), Judge Philip A. Brimmer, § III.F.3.b.iv. (emphasis in original).  Accordingly, the Court cannot overlook the arbitration defendants' failure to admit or deny the facts contained in AAIC's statement of undisputed facts.  Rather, those facts are deemed admitted, and the Court must enter summary judgment in AAIC's favor if it is appropriate under the facts and authorities before the Court.

The facts on which the Court analyzes AAIC's motion are as follows: For some years preceding this litigation, AAIC provided professional liability insurance coverage to insurance agents working for Allianz Life Insurance Company of North America and other entities affiliated with Allianz ("Allianz").  Of particular relevance, AAIC issued a life insurance agents errors and omissions liability policy to Allianz that was effective between July 1, 2005 and July 1, 2006.  *See* Pl.'s Mot. for Summ. J., Ex. 1, Attach. 1 (the "AAIC Policy").  The AAIC Policy is a "claims made and reported" policy, i.e., it contains provisions delimiting coverage to only claims otherwise falling under the terms of coverage that are made against an insured and reported to AAIC during the policy period.  *See* AAIC Policy at § III.  The "policy period" is defined coextensive with the effective term of the AAIC Policy, unless the AAIC Policy is terminated prior to the expiration of that period.  *Id.* at IV.I.

Marlow was an insurance agent in the business of selling life insurance, annuities, and other investment products.  Marlow applied for professional liability insurance coverage with AAIC as an agent of Allianz on April 15, 2005.  Accepting this application, AAIC insured Marlow under a prior policy from April 1, 2005 up to June 30, 2005; and then under the AAIC Policy during its effective term from July 1, 2005 through July 1, 2006.  While working as a registered agent of Allianz, Marlow conducted

his life insurance business out of an office located in Monument, Colorado.  Certain of Marlow's investment clients, including the arbitration defendants, asserted claims for damages against him arising out of Marlow's business dealings with them.  Of particular relevance, on May 4, 2007, the arbitration defendants commenced a proceeding before the National Association of Securities Dealers, Inc. ("NASD") dispute resolution body against Marlow and others (the "2007 arbitration").  *See* Pl.'s Mot. for Summ. J., Ex. 2.

Marlow submitted a claim for coverage under the AAIC Policy regarding the claims for damages asserted by various of his clients who were previously defendants in this action.  However, AAIC did not receive notice of the specific claims asserted by the arbitration defendants in the 2007 arbitration until June 20, 2007.

Based on a theory that the arbitration defendants' claims against Marlow were not "made and reported" to AAIC during the effective term of the AAIC Policy, AAIC seeks a declaratory judgment against Marlow and the arbitration defendants declaring that such claims are not covered under the AAIC Policy.

## II.  ANALYSIS

### A.  Standard of Review

Summary judgment is warranted under Federal Rule of Civil Procedure 56(c) when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Concrete Works of Colo., Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).  A disputed fact is "material" if

under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & County of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

### B.  Evaluation of AAIC's Claim for Declaratory Relief

AAIC brought this lawsuit as a declaratory judgment action. Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). Based on the statutory language, "a declaratory judgment plaintiff must present the court with a suit based on an 'actual controversy,' a requirement the Supreme Court has repeatedly equated to the Constitution's case-or-controversy requirement." *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008). A declaratory judgment suit therefore must be "'definite and concrete, touching the legal relations of parties having adverse legal interests,' must be 'real and substantial' and 'admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state

of facts.'" *Id.* at 1244 (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

The arbitration defendants argue in their motion to dismiss that this case should be dismissed for lack of an actual controversy within the meaning of the Declaratory Judgment Act. Regardless of whether this argument had merit at the time the arbitration defendants filed their motion to dismiss, it is apparent that a justiciable controversy is now before the Court. This conclusion necessarily follows from the arbitration defendants' more recent filing seeking to withdraw their motion to dismiss and to submit an amended response brief to the motion for summary judgment. In their proposed amended response to AAIC's motion for summary judgment, the arbitration defendants state that "the only Arbitration Defendants with possible claims against the AAIC Policy are Mrs. Rockouski and Mr. and Mrs. Sanders." Motion to Amend and Supplement [Docket No. 61], Ex. B at 1 n.1. Further, the arbitration defendants argue in this proposed amended response brief that there is a genuine issue of material fact regarding whether AAIC received timely notice of their claims against Marlow. *Id.* at 6.

It is clear that the arbitration defendants now seek to argue that their claims against Marlow should be indemnified under the AAIC Policy. In light of the arbitration defendants' argument that their claims against Marlow are, in fact, covered under the AAIC Policy, there is a "definite and concrete" dispute "touching the legal relations of parties having adverse legal interests" that can be resolved "through a decree of a conclusive character . . . ." *MedImmune*, 549 U.S. at 127. The Court concludes that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.*

Accordingly, the Court turns to the issues of whether AAIC has met its "burden of showing the absence of a genuine issue of material fact, and an entitlement to judgment as a matter of law," *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1196 (10th Cir. 2005), and whether the arbitration defendants should be allowed to submit a new response brief to AAIC's motion to summary judgment.

The first two pages of the AAIC Policy include bold, underscored text stating that it is a "claims made and reported" policy. Under the heading "Territory and Claims Made Provisions," the AAIC Policy states that coverage applies to acts, errors, omissions, or personal injuries that occurred

> During the POLICY PERIOD, and then only if claim is first made against the INSURED during the POLICY PERIOD and is reported to the Company in writing during the POLICY PERIOD, or the extended Reporting Period (if applicable).

AAIC Policy § III.A. Coverage also extends to acts, errors, omissions, or personal injuries that occurred "[p]rior to the effective date of [the AAIC Policy], but subsequent to the RETROACTIVE DATE" of the AAIC POLICY if, among other things, the claims are made against the insured and reported to AAIC within the policy period. *Id.* § III.B. AAIC argues that the foregoing language warrants summary judgment in its favor because AAIC did not receive notice of the claims of the arbitration defendants against Marlow until after the expiration of the policy period and Marlow never purchased an "extended reporting period." The Court agrees.

Colorado courts have recognized the validity of "claims-made" insurance policies.[3] In *St. Paul Fire & Marine Insurance Co. v. Hunt*, 811 P.2d 432 (Colo. App. 1991), the court discussed the nature of claims-made policies and the importance of the notice provisions in such policies. Contrasting claims-made policies to "occurrence" policies, the court stated that "the event that invokes coverage under a 'claims-made' policy is the transmittal of notice of the claim to the insurance carrier." *Id.* at 434. In a claims-made policy, "the notice provision provides a certain date after which an insurer knows it no longer is liable under the policy," allowing the insurer to fix reserves for future liabilities and compute premiums with greater certainty. *Id.* at 435. In turn, claims-made policies may be offered for a substantially lower cost to an insured than an occurrence policy. *Id.* Based on the structure of the claims-made insurance contract, the court in *St. Paul Fire & Marine Insurance Co. v. Hunt* stated that notice is "a basic term of the insurance contract which expresses the parties' agreement" and, thus, the notice period should not be extended even if an insurer would suffer no prejudice by an insured's tardy report of a claim. *Id.*; *see also Salt Lake Toyota Dealers Assoc. v. St. Paul Mercury Ins. Co.*, No. 2:05-CV-497, 2006 WL 1547996, *4 (D. Utah June 6, 2006) (applying Colorado law) (granting summary judgment to insurer where insured failed to file a timely claim under a claims-made policy because the notice-prejudice rule does not apply to such policies).

"Policy provisions requiring an insured to provide timely notification to the insurer of a claim or occurrence as a condition precedent to coverage are generally

---

[3] In their briefing, the parties have assumed that Colorado law supplies the rules of decision in this case. Accordingly, the Court assumes the same.

enforceable." *Genesis Ins. Co. v. Crowley*, 495 F. Supp. 2d 1110, 1115 (D. Colo. 2007) (citing *Hansen v. Barmore*, 779 P.2d 1360, 1362 (Colo. App. 1989)). "The determination of whether a claim is made within the period of coverage depends on the construction of the provisions in the insurance policy based on principles of contract interpretation." *Board of County Comm'rs v. Colorado Counties Cas. & Prop. Pool*, 888 P.2d 352, 355-56 (Colo. App. 1994); *see also Cary v. United of Omaha Life Ins. Co.*, 108 P.3d 288, 290 (Colo. 2005) (stating that the court must "enforce an insurance policy as written unless the policy language contains an ambiguity"; a policy is ambiguous "if it is susceptible on its face to more than one reasonable interpretation.").

Based on the undisputed facts before the Court, the arbitration defendants' claims against Marlow are not covered under the AAIC policy. These claims were not "made" until May 4, 2007, when the arbitration defendants commenced the 2007 arbitration against Marlow. And AAIC did not receive notice of the arbitration defendants' claims until June 20, 2007. Both of these dates fall outside of the policy period, which ended July 1, 2006.

The final question with respect to the dispute between the arbitration defendants and AAIC is whether to consider the untimely arguments raised in the arbitration defendants' proposed amended response to AAIC's summary judgment motion. The arbitration defendants claim that reopening the briefing on AAIC's motion is justified because, at the time their response brief was due, the arbitration defendants expected Marlow to pay their claims against him pursuant to a settlement agreement entered into between these parties in October 2008. Since Marlow did not satisfy his obligations under the settlement agreement, the arbitration defendants now wish to respond more

10

fully to AAIC's motion (by adding the new argument that AAIC received timely notice of their claims against Marlow).  The Court discerns no reason why the arbitration defendants could not have raised the same arguments contained in their proposed amended response brief at the time their response to AAIC's motion was due.  Alternatively, the arbitration defendants could have sought to stay this action until Marlow complied with the settlement agreement or affirmatively refused to do so.  Instead, the arbitration defendants filed an untimely dispositive motion to dismiss, claiming that the Court should not even consider AAIC's arguments in its motion for summary judgment.

Even if the Court were to accept the arbitration defendants' untimely amended response, it does not provide them with a meritorious defense to AAIC's motion.  To demonstrate the presence of a genuine issue as to whether AAIC received timely notice of the arbitration defendants' claims against Marlow, the arbitration defendants rely on AAIC's statement in its summary judgment motion that "[a]lthough three of the 2007 Arbitration Claimants, J. Doukas and the Doukasas [sic], did not actually file their NASD complaints until May 4, 2007 (after the AAIC Policy period expired), it was determined through discovery that they had otherwise 'made and reported' their claims against Marlow before the AAIC Policy period expired." Pl.'s Mot. for Summ. J. at 7 n.2.  The arbitration defendants posit that this admission by AAIC, coupled with language from the AAIC Policy, shows that AAIC had notice of the arbitration defendants' claims against Marlow because they were related to the timely "made and reported" claims of other claimants proceeding in the 2007 arbitration.  The policy language on which the arbitration defendants rely states:

11

> Multiple INSUREDS, other than NAMED INSUREDS, Claims or Claimants: The inclusion herein of more than one INSURED or the making of claims or the bringing of suits by more than one person or organization shall not operate to increase the Company's Limit of Liability.
>
> Two or more claims arising out of a single act, error, omission or PERSONAL INJURY or a series of related acts, errors, omissions or PERSONAL INJURIES shall be treated as a single claim.
>
> All such claims, whenever made, shall be considered first made during the POLICY PERIOD or Extended Reporting Period in which the earliest claim arising out of such acts, errors, omissions or PERSONAL INJURIES was first made and reported to the Company in writing and all such claims shall be subject to the same Limit of Liability.

The foregoing policy language does not create a genuine issue for trial. First, this language is not part of the "Claims Made Provisions" of the AAIC Policy, but rather it is included under the "Limit of Liability" section of the Policy. The "related acts, errors, omissions or PERSONAL INJURIES" language is designed to circumscribe AAIC's liability under the AAIC Policy, not to alter the requirement that a particular act, error, omission, or personal injury be reported in writing to AAIC during the policy period. *See*, *e.g.*, *Homestead Ins. Co. v. American Empire Surplus Lines Ins. Co.*, 44 Cal. App. 4th 1297, 1305 (Cal. App. 2. Dist. 1996) ("The quoted definition of 'claim' does not exist to make it possible for claims submitted during different policy periods to merge into a single claim. Instead, the quoted definition of 'claim' exists to clarify other policy provisions relating to the 'deductible amount' and 'limits of liability' in the 'declarations' section of the policy."). Given the central importance of notice of a claim under a claims-made policy, *see Hunt*, 811 P.2d at 434-35, the court declines to read the "related acts" language cited by the arbitration defendants out of the context of the provision in which it appears. *Cf. Genesis Ins. Co.*, 495 F. Supp. 2d at 1115 (holding

that letter provided insurer adequate notice because it identified the relevant parties, the specific alleged wrongful act of the insured, the likely plaintiffs in a lawsuit, the nature of the claims to be asserted, and the likelihood of such a lawsuit). "Undefined terms [in an insurance contract] do not create ambiguity if the provision can be understood by considering its context." *Usick v. American Family Mut. Ins. Co.*, 131 P.3d 1195, 1200 (Colo. App. 2006). Moreover, "[a] mere disagreement between the parties regarding the meaning of a policy term does not create an ambiguity." *State Farm Mut. Auto. Ins. Co. v. Stein*, 940 P.2d 384, 387 (Colo. 1997). The arbitration defendants' amended response offers only a disagreement as to what constitutes a timely claim under the AAIC Policy, not evidence that "the intent of the parties, as expressed in the contract, indicates that an alternative interpretation is intended." *Id.*

Second, the arbitration defendants have presented no new facts suggesting the possibility that AAIC received timely notice of their claims against Marlow. Instead, the arbitration defendants seek to reopen discovery to determine whether such facts exist. But the arbitration defendants admit that they chose not to pursue discovery in this matter prior to the discovery deadline as a cost-saving measure. *See* Arbitration Defs.' Mot. to Re-open Discovery [Docket No. 55] at 7. The arbitration defendants' admission establishes that they did not diligently obtain discovery within the guidelines established by the Court. Because trial in this matter is set to commence in less than two months from the date of this Order and AAIC opposes reopening discovery, such relief is foreclosed at this stage of the proceedings. *See Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (listing factors bearing on district court's discretionary decision of

whether to extend or reopen discovery, including whether trial is imminent, whether the request is opposed, and whether the moving party was diligent in obtaining discovery, among others).

As to defendant Marlow, the Court concludes that entry of a default judgment granting AAIC's requested declaratory relief is appropriate. The Clerk of Court entered default against defendant Marlow on January 6, 2009 [Docket No. 45]. Since that time, Marlow has not sought relief from the entry of default or otherwise attempted to participate in this litigation. Taking the allegations in AAIC's Complaint [Docket No. 1] as true against Marlow – since he is deemed to have admitted such allegations by failing to respond to the Complaint – the Court has jurisdiction over Marlow. Further, AAIC is entitled to a declaration that any claims of coverage Marlow otherwise could have asserted under the AAIC Policy concerning the arbitration defendants' claims against him are not covered under the AAIC Policy because AAIC did not receive timely notice of such claims. The Court finds that a hearing on the matter, pursuant to Fed. R. Civ. P. 55(b)(2), is not necessary.

### III. CONCLUSION

It is apparent from the arbitration defendants' papers that they pursued a strategy of minimal investment in this litigation from its inception in October 2007 until May 2009. Although these defendants now wish to alter this strategy, they have not come forward with grounds demonstrating that the equities favor granting them a second bite at the apple. Rather, for the reasons set forth above, entry of summary judgment in plaintiff's favor is warranted. Accordingly, it is

**ORDERED** that plaintiff American Automobile Insurance Company's motion for summary judgment [Docket No. 25] is GRANTED.  It is further

**ORDERED** that defendants Joan A. Rockouski, Duane Sanders, and Shirley A. Sanders' motion to dismiss [Docket No. 36]; their motion to reopen discovery [Docket No. 55]; and their motion for leave to withdraw their motion to dismiss and to amend and supplement their response to plaintiff's motion for summary judgment [Docket No. 61] are DENIED.  It is further

**ORDERED** that plaintiff's motion for default judgment against defendant Dennis Marlow [Docket No. 43] is GRANTED.  It is further

**ORDERED** that this matter, and all claims asserted therein, is dismissed with prejudice.  The Clerk shall forthwith enter judgment in favor of plaintiff American Automobile Insurance Company and against defendants Dennis Marlow, Joan A. Rockouski, Duane Sanders, and Shirley A. Sanders.  Plaintiff is entitled to its costs.  *See* D.C.COLO.LCivR 54.1; Fed. R. Civ. P. 54(d)(1).

DATED September 29, 2009.

                                       BY THE COURT:

                                       s/Philip A. Brimmer
                                       PHILIP A. BRIMMER
                                       United States District Judge